**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID BERNHARDT, in his official capacity )<br>as Secretary of the United States Department of )<br>the Interior, et al., )<br>)<br>Defendants. )<br>) | No. 2:19-cv-00040 |

## STIPULATED SETTLEMENT AGREEMENT

This Stipulated Settlement Agreement ("Agreement") is entered into by and between Plaintiff Center for Biological Diversity and Defendants David Bernhardt, in his official capacity as Secretary of the United States Department of the Interior; and the United States Fish and Wildlife Service (collectively, "Defendants") (collectively, "Defendants") who, by and through their undersigned counsel, state as follows:

WHEREAS, in 1967 the red wolf (*Canis rufus*) was listed as "threatened with extinction" under the Endangered Species Preservation Act, 80 Stat, 926; 16 U.S.C. § 668aa(c); 32 Fed. Reg. 4,001 (Mar. 11, 1967);

WHEREAS, in passing the Endangered Species Act ("ESA") in 1973, 16 U.S.C. § 1533 *et seq.*, Congress provided that all species listed under the Endangered Species Preservation Act would remain listed under the Endangered Species Act. *See* 39 Fed. Reg. 1,444 (Jan. 9, 1974);

WHEREAS, the Service designated an experimental population of the red wolf under ESA section 10(j), 16 U.S.C. § 1539(j).  51 Fed. Reg. 41,790 (Nov. 19, 1986);

WHEREAS, the ESA requires the Service to develop and implement plans ("recovery plans") for the conservation and survival of endangered and threatened species unless the Service finds that such a plan will not promote the conservation of the species, 16 U.S.C. § 1533(f);

1

WHEREAS, in 1990 the Service completed a recovery plan for the red wolf;

WHEREAS, on December 8, 2016, Center for Biological Diversity requested that Defendants revise the existing red wolf recovery plan;

WHEREAS, the Service responded on January 19, 2017 and stated that "[d]eveloping a revised recovery plan for this species is a high priority" and indicated it anticipated completing the revised recovery plan by 2018;

WHEREAS, Center for Biological Diversity sent a letter to Defendants on June 9, 2019 stating their intent to file suit to compel the Service to update the red wolf recovery plan pursuant to 16 U.S.C. § 1533(f)(1);

WHEREAS, on November 19, 2019, Center for Biological Diversity filed its complaint in this case, alleging that the Service's failure to update the recovery plan for the red wolf, pursuant to ESA Section 4(f), 16 U.S.C. § 1533(f), violates the ESA and/or the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1);

WHEREAS, the parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiff's claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiff's complaint;

WHEREAS, the parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

1. Pursuant to Section 4(f) of the ESA, 16 U.S.C. § 1533(f), as amended, the Service agrees to complete a final revised recovery plan for the red wolf by February 28, 2023.

2. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties to the Agreement and granted by the Court. In the event that any party to this Agreement seeks to modify the terms of this Agreement, including the deadline specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that any party to

this Agreement believes that any other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other parties to this Agreement with notice of the claim or modification. The parties to this Agreement agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the parties to this Agreement are unable to resolve the claim themselves, the aggrieved party may seek relief from the Court. In the event that Defendants fail to meet the deadline in Paragraph 1 and have not sought to modify it, the Plaintiff's first remedy shall be a motion to enforce the terms of this Agreement. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

3. Defendants agree to pay Plaintiff reasonable attorneys' fees and costs incurred in connection with the above captioned litigation, pursuant to section 11(g) of the ESA, 16 U.S.C. § 1540(g), in the amount of $14,000.00. Plaintiff agrees to accept this amount in full satisfaction of any and all claims, demands, rights, and causes of action for attorneys' fees and costs incurred in connection with the above-captioned litigation pursuant to the ESA, 16 U.S.C. § 1540(g), and/or any other statute and/or common law theory, through and including the date of this agreement. Plaintiff agrees that receipt of this payment from Defendants shall operate as a release of Plaintiff's claims for attorneys' fees and costs in this matter, through and including the date of this agreement.

4. Plaintiff's releases set forth in Paragraphs 5-6 are expressly limited to the above-captioned action and do not apply to any other litigation including, but not limited to, any ongoing and/or future litigation regarding the red wolf recovery plan. By this Agreement, Defendants do not waive any right to contest attorneys' fees claimed by Plaintiff or its respective counsel, including hourly rates, in any future litigation, or continuation of the present actions. Further, this Agreement has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

5. Plaintiff agrees to furnish Defendants with the information necessary to effectuate the payment specified in Paragraph 3 above. Defendants agree to submit all necessary paperwork

for the processing of the attorneys' fees award to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) days of the receipt of the necessary information from Plaintiff or the approval of this Agreement by the Court, whichever is later. Plaintiff's attorneys agree to send confirmation of the receipt of the payment to counsel for Defendants within 14 days of such payment.

6.    The parties agree that this Agreement was negotiated and entered into in good faith and that it constitutes a settlement of claims that were vigorously contested, denied, and disputed. By entering into this Agreement, the parties waive any claim or defense, except as expressly provided herein.

7.    No provision of this Agreement shall be interpreted as, or constitutes, a commitment or requirement that Defendants are obligated to spend funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other law or regulation.

8.    No provision of this Agreement shall be interpreted to or constitute a commitment or requirement that the Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. With respect to the procedures to be followed in developing the final recovery plan and with respect to the substance of the final recovery plan, nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, APA, or general principles of administrative law. To challenge any recovery plan issued pursuant to Paragraph 1, Plaintiff must file a separate action. Defendants reserve the right to raise any applicable claims or defenses to any substantive challenge raised by any party. The parties to this Agreement agree that this paragraph shall be construed in a manner that is consistent with the provisions of Paragraphs 1-3, *supra*, and not to negate the provisions of those paragraphs.

9.    The Agreement contains all of the agreement between the parties, and is intended to be the final and sole agreement between them. The parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

4

10.  The terms of this Agreement shall become effective upon entry of an order by the Court (similar in substance to the attached Proposed Order) approving the Agreement.

11.  Upon approval of this Agreement by the Court, all counts of Plaintiff's complaint shall be dismissed with prejudice. Notwithstanding this dismissal, however, the parties to this Agreement hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

12.  The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of the Agreement and do hereby agree to the terms herein.

DATED:　　　July 10, 2020

Respectfully submitted,

JEAN E. WILLIAMS
Deputy Assistant Attorney General

*/s/ Shampa A. Panda*
SHAMPA A. PANDA, Trial Attorney
CA Bar Number 316218
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 305-0368
Email: shampa.panda@usdoj.gov

*Attorneys for Defendants*

*/s/ Collette L. Adkins*
COLLETTE L. ADKINS
Center for Biological Diversity
P.O. Box 595
Circle Pines, MN 55014-0595
Tel:  (651) 955-3821
Email: cadkins@biologicaldiversity.org

*Attorney for Plaintiff*